**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**JASON M. SIMS, SR.**                                                  **PLAINTIFF**

**V.**                                                          **NO. 4:19-CV-145-DMB-JMV**

**COAHOMA COUNTY, MISSISSIPPI**                         **DEFENDANT**

**ORDER**

Before the Court is Coahoma County's motion to strike certain exhibits attached to Jason Sims' response to the County's motion for summary judgment. Doc. #63. Because Sims' failure to disclose such materials was not substantially justified and was not harmless, they will be stricken.

**I
Procedural History**

On September 30, 2019, Jason M. Sims, Sr., filed a complaint against Coahoma County, Mississippi, alleging employment discrimination under the Uniformed Services Employment and Reemployment Rights Act of 1994. Doc. #1. Specifically, the complaint asserts that the County, "via the Sheriff's Office, violated [the] USERRA … by terminating Sims on the basis of his membership in the U.S. Army Reserve." *Id*. at 5.

Under the case management order issued by United States Magistrate Judge Jane M. Virden, the discovery deadline was October 1, 2020, and the dispositive motions deadline was November 5, 2020. Doc. #38. On November 5, 2020, the County filed a motion for summary judgment. Doc. #59. In the memorandum brief accompanying its motion, the County argues that even if it violated the USERRA, Sims would not be entitled to back pay because he is "currently mak[ing] substantially more working for the Army than he ever did or could working for [the] Sheriff's Department." Doc. #60 at 10.

In response, Sims argues that he left active duty with the military on September 30, 2020, and that "[o]n September 28, 2020, [he] began full-time employment with the City of Tunica Police Department."[1] Doc. #62 at 6. Sims also states that he "makes at least $1.42/hour less at the TPD than he made" with the County. *Id*. As support for these statements, Sims submitted his affidavit executed November 9, 2020, Doc. #62-8, and a pay stub from the TPD dated October 26, 2020, Doc. #62-9.

On November 22, 2020, the County moved to strike the affidavit and pay stub as undisclosed discovery. Doc. #63. The motion to strike is fully briefed. Docs. #66, #68.

## II
## Analysis

Federal Rule of Civil Procedure 26(a)(1)(A) requires that a party provide the other party "a copy--or a description by category and location--of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." A party must also disclose the names of individuals likely to have discoverable information and a computation of each category of damages, "including materials bearing on the nature and extent of injuries suffered." *Id.*

Pursuant to Federal Rule of Civil Procedure 26(e):

A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response:

(A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or

(B) as ordered by the court.

---

[1] According to Sims, he "spent the last seven days of his active duty on leave status, which allowed him to start his position with the Tunica Police Department prior to the end of his period of active military duty." Doc. #62 at 6 n.6.

2

Fed. R. Civ. P. 26(e)(1).

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). If seeking exclusion under Rule 37, "[t]he moving party bears the burden of showing that its adversary failed [to] timely … disclose information required by Rule 26." *In re Sept. 11 Liab. Ins. Coverage Cases*, 243 F.R.D. 114, 125 (S.D.N.Y. 2007). If the moving party satisfies its initial burden, the non-disclosing party must show that its failure to disclose was either substantially justified or harmless. *See Heidtman v. County of El Paso*, 171 F.3d 1038, 1040 (5th Cir. 1999) ("Appellants provided no explanation for their actions. Therefore, … the district court clearly did not abuse its discretion by excluding the testimony …."); *Bresler v. Wilmington Tr. Co.*, 855 F.3d 178, 190 (4th Cir. 2017) ("The party failing to disclose information bears the burden of establishing that the nondisclosure was substantially justified or was harmless.").

### A. Discovery Violation

The County argues that "Sims' affidavit and payroll information are objectionable as they were not disclosed in Sims' Disclosures or at any time during discovery, despite being available to Sims at that time." Doc. #64 at 2. This is not quite true because both the affidavit and pay stub are dated *after* the close of discovery. But despite the nonexistence of these *materials* as of the discovery deadline, there is still a discovery violation here.

As quoted above, Rule 26 requires the disclosure of "a computation of each category of damages claimed by the disclosing party." This requirement is "the functional equivalent of a standing Request for Production under Rule 34." 8A Wright & Miller, *Federal Practice and Procedure* § 2053 (3d ed. 2020). To the extent Sims intended to rely on his employment with the TPD to justify his claim for back pay damages, disclosure of this employment was required. *See*

3

*Carmody v. Kan. City Bd. of Police Comm'rs*, 713 F.3d 401, 404–05 (8th Cir. 2013) (undisclosed affidavits of plaintiffs containing pay calculations violated Rule 26). Accordingly, such employment and employment-related documents may not be used to calculate damages unless the failure to disclose them was substantially justified or harmless.

### B. Substantially Justified or Harmless

The Fifth Circuit has identified four factors which inform a court's inquiry into whether a disclosure failure was substantially justified or harmless: (1) the explanation for the failure to disclose; (2) the importance of the evidence; (3) the potential prejudice in allowing the evidence; and (4) the availability of a continuance to cure any prejudice. *CQ, Inc. v. TXU Mining Co., L.P.*, 565 F.3d 268, 280 (5th Cir. 2009). Analytically, the first two factors relate to substantial justification while the third and fourth factors relate to harmlessness.

#### 1. Explanation

Sims has offered no justification for his failure to disclose. This factor, therefore, weighs in favor of exclusion. *See Bessemer & Lake Erie. R.R. Co. v. Seaway Marine Transp.*, 596 F.3d 357, 370 (6th Cir. 2010) (to weigh against exclusion, an explanation for failure to comply with Rule 26 must be "reasonable").

#### 2. Importance

The evidence at issue, which has the potential to impact Sims' entitlement to back pay,[2] is undoubtedly important to his case. The second factor, therefore, weighs against exclusion. *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004) (importance of

---

[2] Relief under the USERRA may include a requirement that "the employer … compensate the person for any loss of wages or benefits suffered by reason" of the violation. 38 U.S.C. § 4323(d)(1)(B). And back pay is traditionally offset by other employment compensation. *See Brunnemann v. Terra Int'l Inc.*, 975 F.2d 175, 179 n.7 (5th Cir. 1992) (noting in Age Discrimination in Employment Act case that "Courts uniformly offset interim earnings from back pay awards in order to make the plaintiff whole, yet avoid windfall awards."); *Hance v. Norfolk S. Ry. Co.*, 571 F.3d 511, 519 (6th Cir. 2009) ("Because we have found no cases regarding damages under USERRA in this circuit, we look to our case law regarding damages available for other types of employment discrimination.").

"proposed testimony weighs against exclusion of that testimony"). However, because the evidence relates only to the quantum of damages and is "not essential to [an] underlying recovery," the weight afforded this factor is diminished. *CQ, Inc.*, 565 F.3d at 280 & n.7.

### 3. Prejudice

Because the violating party has the burden of establishing harmlessness, it bears the burden of demonstrating that the moving party will not be prejudiced by admission of the evidence. *See Ford Motor Co. v. Versata Software, Inc.*, No. 15-cv-10628, 2018 WL 5306637, at *4 (E.D. Mich. Feb. 8, 2018) ("Versata has not met its burden of proving that Ford would not be prejudiced by allowing Dr. Malek to opine."); *Holmes v. Merck & Co.*, No. 2:04-cv-608, 2007 WL 9728628, at *4 (D. Nev. Feb. 1, 2007) ("Nor have Plaintiffs met their burden to demonstrate that Defendant will not be prejudiced by permitting Dr. Kinsbourne to supplement his report."). Sims argues "the County cannot claim that they were 'unfairly surprised' by the exhibits relating [to] Sims TPD employment [because t]he County was made aware at Sims' July 14, 2020 deposition that his active duty orders ended in September 2020 and that he had submitted resumes in Mississippi for other employment in the field of law enforcement." Doc. #66 at 6. According to Sims, this testimony placed the County "on notice that Sims was likely to have new employment following the cessation of his active duty." *Id*. Sims further contends that the County will not be prejudiced by the admission of evidence because it knew that Sims was entitled to *some* backpay and otherwise learned of the evidence approximately four months before trial. *Id*. at 6–8.

Sims is correct that a party's knowledge of the substance of undisclosed discovery may preclude a finding of prejudice. *See Harris v. Tunica Cty.*, No. 3:14-cv-218, 2017 WL 4098448, at *2 (N.D. Miss. Jan. 11, 2017) (no prejudice where undisclosed material "merely confirm[ed] Plaintiff's sworn testimony"); *Chrysler Corp. v. Carey*, 186 F.3d 1016, 1020 (8th Cir. 1999) (no

5

prejudice where undisclosed material "revealed little or nothing unknown"). However, the County had no such notice here.

During Sims' July 14, 2020, deposition, he and defense counsel had the following exchange:

> Q. And, for the record, give us the benefit of where are you currently residing and what you're currently doing?
> A. I reside in Fort Knox, Kentucky. I'm currently on active duty with the Army, serving as an instructor.
> Q. Okay. What is your area of instruction there currently? What do you do -- what are you teaching?
> A. I teach the senior leader course and the advanced leader course for 68 series soldiers, so that's the medical soldiers, your combat medics. So those are classes that are designed for promotions to E6 and E7, so staff sergeants and sergeants first-class.
> Q. All right. How long do you plan to be doing that?
> A. For sure, until the end of September, and I may accept an order to go longer –
> Q. Okay.
> A. – than that. But I have not committed to that yet.
> Q. Okay. But you have that available to be able to continue there at the end of this current – well, do you call that the end of the current tour or the end of the current orders?
> A. They'd both be the same. You can use either of those terms. So I would have to apply again. I actually put a packet in. I would suspect that it would be approved, but, no, I can't guarantee that. It still has to go through a chain of command, but I would suspect, if I put in the packet, it would be approved.
> Q. When was your last law enforcement employment outside of the military service?
> A. Coahoma County.
> Q. Okay. And do you have any law enforcement employment applications pending at present?
> A. No, sir.
> Q. Okay. Have you applied for a law enforcement position in Mississippi since being terminated from Coahoma county?
> A. I have not applied for any. I have sent a resume.
> Q. Okay. And where have you sent resumes to?
> A. Sardis, Mississippi.
> Q. Anywhere else?
> A. And McComb, Mississippi.
> Q. Anywhere else?
> A. No, sir.

Doc. #59-6 at 4–6. In sum, Sims testified that he had put in a "packet" to continue his employment with the Army, he "suspect[ed]" the packet would be approved, he had no pending applications

6

for employment, and he had only sent resumes to two municipalities, neither of which were Tunica. Contrary to Sims' argument, the County had no reason to think that Sims would not be employed with the Army following the completion of his tour at the end of September, much less that he would be employed with the TPD. Thus, Sims' deposition does not preclude a finding of prejudice.

Sims' remaining arguments regarding an absence of prejudice are similarly without merit. Sims first contends that, because the County knew he was possibly entitled to *some* backpay from approximately two months in 2018, it could not be prejudiced from learning about his claims to backpay from October 2020 going forward. This argument, which seems to imply that so long as a party provides a *partial* basis for his damages calculation he need not disclose anything more, is summarily rejected.

The Court also finds unpersuasive Sims' argument that the County would not suffer prejudice because it would have approximately four months to "craft" potential cross-examination questions for trial. A late discovery disclosure is not measured solely by the impact on trial. A late disclosure of damages may prejudice a defendant by influencing its "entire litigation posture" and by requiring the reopening of discovery. *See Carmody*, 713 F.3d at 405. Such an effect is apparent here, as the County contends that it was prejudiced by its inability to reopen Sims' deposition and cross-examine him on the issue of his new employment. Doc. #68 at 7.

For these reasons, Sims' nondisclosure prejudiced the County. The prejudice factor thus weighs in favor of exclusion.

### 4. Availability of continuance to cure prejudice

Sims does not argue that a continuance would cure the prejudice at issue here. This factor, therefore, also weighs in favor of exclusion.

7

### 5. Balancing

In sum, every factor but the importance of the testimony weighs in favor of exclusion. Under these circumstances, exclusion is proper. *See Hamburger*, 361 F.3d at 883 (importance factor "cannot singularly override the enforcement of local rules and scheduling orders") (quotation marks omitted).

### III
### Conclusion

The County's motion to strike [63] is **GRANTED**. Sims' affidavit [62-8] and pay stub [62-9] are **STRICKEN**.

**SO ORDERED**, this 16th day of March, 2021.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**